United States District Court
Southern District of Texas
**ENTERED**
November 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:15-CR-280 |
| | § | (Cause No. 2:16-CV-346) |
| MICHAEL ANGELO TOVAR, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY

Michael Angelo Tovar (Tovar) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support. D.E. 24, 25. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

### I.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.   BACKGROUND

Tovar was arrested in March 2015 after an investigation into his sale of firearms over the internet. He made his initial appearance in federal court and was appointed counsel the day after his arrest. D.E. 4. In June 2015, Tovar pleaded guilty to the Indictment that charged him as a felon in possession of eight firearms.

1

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 16. Tovar's offense level was determined by reference to § 1B1.11 of the 2014 sentencing guideline manual and by the number of firearms at issue. *Id.*, ¶¶ 22, 23. His offense level was further increased by four levels because Tovar was in possession of cocaine, crack cocaine, marijuana and synthetic marijuana as well as digital scales and packaging materials which indicated street-level distribution. U.S.S.G. § 2K2.1(b)(6)(B). After acceptance of responsibility, Tovar's offense level was 25. He had several prior convictions and a criminal history category of IV. Tovar's guideline sentencing range was 84 to 104 months imprisonment with a maximum statutory sentence of ten years. D.E. 16, ¶¶ 69, 70.

Defense counsel objected to the four level increase based upon Tovar's possession of drugs. D.E. 20. At sentencing, the Court sustained Tovar's objection to the increase which lowered his offense level to 21 and reduced his guideline sentencing range to 57 to 71 months. The Court imposed a 60 month sentence. D.E. 22, 23. Judgment was entered on the docket on August 19, 2015. Tovar did not appeal. He filed his present motion on August 8, 2016.

### III.  MOVANT'S ALLEGATIONS

Tovar raises two issues: 1) his sentence enhancement under the § 4B1.2 definition of a crime of violence violates due process and 2) counsel's failure to object that his sentence violated *Johnson v. United States*, 135 S.Ct. 2551 (2015), constituted ineffective assistance of counsel.

## IV.   ANALYSIS

**A.**   **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.**   ***Johnson* Claim**

*Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*).

Tovar's offense level was increased based upon possession of more than eight firearms. Nothing in Tovar's offense calculation relates to either § 4B1.2 (the career offender provision of the sentencing guidelines) or to 18 U.S.S.G. § 924(e). *Johnson* does not apply to Tovar's sentencing. As a result, there was no basis for defense counsel to object on *Johnson* grounds. Tovar's motion to vacate, set-aside or correct sentence is without merit.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Tovar has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable

jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Tovar is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Tovar's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 24, Cause No. 2:16-CV-346) is DISMISSED and he is DENIED a Certificate of Appealability.

ORDERED this 29th day of November, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE